LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,
and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA HERNANDEZ,<br>*on behalf of herself, FLSA Collective Plaintiffs, and the Class,*<br>　　　　　　Plaintiff,<br>　v.<br>THATFORD LODGING, LLC.,<br>　　d/b/a SURFACE INN,<br>OSBORN OPERATING HOSPITALITY CORP.,<br>　　d/b/a QUALITY INN,<br>KULWANT DEOL,<br>AMAR THIND, and<br>J.K. SANDHU,<br>　　　　　　Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff MARIA HERNANDEZ ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants, THATFORD LODGING LLC., d/b/a SURFACE INN, OSBORN OPERATING HOSPITALITY CORP., d/b/a QUALITY INN, ("Corporate Defendants"), KULWANT DEOL, AMAR THIND, and J.K. SANDHU, ("Individual Defendants)" and states as follows:

### INTRODUCTION

1.　Plaintiff alleges, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she, FLSA Collective Plaintiffs and similarly situated individuals are

entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages, and (3) attorney's fees and costs.

2.  Plaintiff further alleges, pursuant to New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid spread of hours premiums, (3) statutory penalties, (4) liquidated damages, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.  Plaintiff is a resident of Queens County, New York.

6.  Defendants collectively own and operate a building located at 120 Osborn Street, Brooklyn, NY 11212, functioning as two different hotels:

    a) Quality Inn, and

    b) Surface Inn.

7.  Defendants operate "Quality Inn" and "Surface Inn" (hereinafter the "Hotels") as a single integrated enterprise under the common control of the Corporate and Individual Defendants. *See* **Exhibit A**.

    a) Specifically, Individual Defendant KULWANT DEOL operates and manages the Hotels.

      b) The Hotels have a centralized Human Resources Department that deals with hiring, firing, and administering the Hotels' workforce.

      c) The Hotels not only share their location, but they additionally share amenities, guests, accommodations, rooms, services, and personnel.

      d) Plaintiff, FLSA Collective Plaintiffs, and Class members were freely transferable between Hotels.

8. Defendants operate the Hotels through the following Corporate Defendants:

a) Corporate Defendant, THATFORD LODGING LLC d/b/a SURFACE INN, is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 120 Osborn Street, Brooklyn, NY 11212, and an address for service of process located at c/o Kulwant Deol, 9-11 40th Avenue, Long Island City, NY 11101.

b) Corporate Defendant, OSBORN OPERATING HOSPITALITY CORP., d/b/a QUALITY INN, is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 120 Osborn Street, Brooklyn, NY 11212, and an address for service of process located at 9-11 40th Avenue, Long Island City, NY 11101.

9. Individual Defendant KULWANT DEOL is an owner of Corporate Defendants. Defendant KULWANT DEOL exercises operational control over Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant KULWANT DEOL exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees could

3

complain to Defendant KULWANT DEOL directly regarding any of the terms of their employment, and Defendant KULWANT DEOL had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. KULWANT DEOL exercised functional control over the business and financial operations of Corporate Defendants. KULWANT DEOL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

10. Individual Defendant AMAR THIND is a principal and general manager of Corporate Defendants. AMAR THIND exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. AMAR THIND frequently visits the Hotels. AMAR THIND exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Hotel could complain to AMAR THIND directly regarding any of the terms of their employment, and AMAR THIND would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. AMAR THIND exercised functional control over the business and financial operations of Corporate Defendants. AMAR THIND had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

11. Individual Defendant J.K. SANDHU is an officer and manager of Corporate Defendants. J.K. SANDHU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. J.K. SANDHU frequently visits the Hotels. J.K. SANDHU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Hotel could complain to J.K. SANDHU directly regarding any of the terms of their employment, and J.K. SANDHU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. J.K. SANDHU exercised functional control over the business and financial operations of Corporate Defendants. J.K. SANDHU had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA, NYLL, and regulations thereunder.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cleaners, housekeepers, porters, concierges, room service, attendants, and waiters) employed by

Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper overtime premium at one-and-one-half times the regular rate for all hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cleaners, housekeepers, porters, concierges, room service, attendants, and waiters) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case, as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and

rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants including: (i) unpaid overtime compensation, (ii) unpaid spread of hours premiums, (iii) failing to provide proper wage statements per requirements of NYLL, and (iv) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

21. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class member to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members

who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of New York Labor Law and applicable state laws;

    b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

    c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

    e. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

    f. Whether Defendants properly compensated Plaintiff and Class members the corresponding overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each work week;

    g. Whether Defendants paid the "spread of hours" premium owed to Plaintiff and the Class members working more than ten (10) hours per day as required by New York Labor Law;

  h. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

  i. Whether Defendants provided proper wage notices to employees, including, among others, the rate of compensation, trade name of the employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

26. In or around June 2020, Plaintiff MARIA HERNANDEZ was hired by Defendants to work as a housekeeper for Defendants' Surface Inn Hotel located at 120 Osborn Street, Brooklyn, NY 11212. Plaintiff was employed by Defendants until August 21, 2021.

27. Plaintiff was scheduled to work as follows:

a) From June 2020 to in or around August 2020, Plaintiff was scheduled to work seven (7) days per week from 7:00 a.m. to 7:00 p.m. for a total of eighty-four (84) hours per week.

b) From August 2020 to in or around January 2021, Plaintiff was scheduled to work six (6) days per week, from 11:00 a.m. to 7:00 p.m., for a total of forty-eight (48) hours per week.

c) From January 2021 to in or around May 2021, Plaintiff was scheduled to work six (6) days per week from 10:00 a.m. to 6:00 p.m., for a total of forty-eight (48) hours per week.

d) From May 2021 to August 21, 2021, Plaintiff was scheduled to work five (5) days per week, on Monday and Thursday from 11:00 a.m. to 3:00 p.m. and Friday, Saturday, and Sunday from 11: 00 a.m. to 4:00 p.m., for a total of twenty-three (23) hours per week.

28. Throughout her employment with Defendants, Plaintiff MARIA HERNANDEZ was compensated in cash at an hourly rate of $15. Plaintiff and Class members were similarly compensated at the prevailing minimum wage of $15 per hour.

29. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during her employment by Defendants, Defendants never paid her overtime premium for weeks that she worked in excess of forty (40) hours, as required under FLSA and NYLL. Class members were similarly paid on a straight time basis when they worked overtime hours.

30. During her employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, she never received any spread of hours premium for working such shifts, as required under NYLL.

31. Defendants knowingly and willingly failed to pay Plaintiff and Class members overtime compensations for all hours worked in excess of forty (40) hours each week.

32. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hours premiums to Plaintiff and Class members for each workday exceeding ten (10) hours, in violation of NYLL.

33. Defendants never provided Plaintiff and Class members with wage notices, in violation of NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

35. Defendants never provided Plaintiff and Class members with proper wage statements at all relevant times, in violation of NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

37. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

38. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

39. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

41. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.00.

42. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs' their wages for all hours worked.

43. At all relevant times, Defendants had a policy and practice of failure to pay Plaintiff and FLSA Collective Plaintiffs' overtime premiums.

44. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, including overtime, when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

47. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

50. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

52. At all relevant times, Defendants engaged in a policy and practice of not paying overtime premiums, in direct violation of NYLL.

53. At all relevant times, Defendants engaged in a policy and practice of not paying spread of hours premium, in direct violation of NYLL.

54. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the corresponding overtime premium for hours worked in excess of forty (40) during any given week.

55. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay spread of hours premiums for each workday that exceeded ten (10) in duration.

56. Defendants failed to properly notify Plaintiff and Class members of their hourly pay rate and overtime rate, in direct violation of New York Labor Law.

57. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiff and Class members, in direct violation of New York Labor Law.

58. Defendants failed to provide proper wage statements with every payment issued to Plaintiff and Class members, as required by New York Labor Law § 195(3).

59. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime compensation, unpaid spread of hours premiums, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of this action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

　　a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c. An award of unpaid overtime compensation, under FLSA and NYLL;

    d. An award of unpaid spread of hours premiums, under NYLL;

    e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under NYLL;

    f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages, pursuant to FLSA or NYLL;

    g. An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

    h. Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

    i. Designation of this action as a class action pursuant to F.R.C.P. 23;

    j. Designation of Plaintiff as Representative of the Class; and

    k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 18, 2022  
New York, New York

By: /s/ *CK Lee*  
C.K. Lee, Esq.  
**LEE LITIGATION GROUP, PLLC**  
C.K. Lee (CL 4086)

Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*
